**HC LLP**
HAMILTON|CLARKE

48 Wall Street, Suite 1100
New York, NY 10005

Tel: 212-729-0952
www.HCLLPLaw.com

**Ethan Van Buren**
Associate Attorney
vanburen@HCLLPLaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------X

UNITED STATES OF AMERICA

                            Docket No.: 23-CR-292-RPK

      -against-

GREGORY BRUCE                   **Motion to Dismiss the Indictment**
                                         **Pursuant to Fed. R. Crim. P. 12(b)**

              Defendant.

-------------------------------------------------X

       The crime underlying this case is an alleged kidnapping committed by defendants Lesly Valentin, Aasim Boone, and Jarrett Bruce in December of 2022.  Gregory Bruce was indicted for attempted witness tampering related to that kidnapping on June 25, 2024.  Undersigned counsel, in preparing for trial in this matter, has come to understand that the Government's case against Gregory Bruce is based on insufficient and irrelevant evidence which has been misconstrued as evidence of witness tampering related to this case.  While we recognize there exists no criminal equivalent of the summary judgment procedure, we respectfully request the Court inspect the Grand Jury minutes in this case and request the Government to put forth a full proffer of the evidence it expects to offer at trial.  If the Court finds that there was insufficient evidence for the Grand Jury to properly indict Mr. Bruce, or insufficient evidence exists to proceed to trial in this case, we respectfully request that the Court dismiss the indictment against Gregory Bruce pursuant to Federal Rule of Criminal Procedure 12(b).

    1. **Statement of Facts**

       The alleged kidnapping underlying this case occurred in December of 2022. However, Jarrett Bruce was not indicted for that crime until January 30, 2024.  ECF No. 22.  Jarrett Bruce

was taken into federal custody and arraigned on that indictment on February 1, 2024. ECF No. 27.

The Government alleges that Gregory Bruce conspired with his brother to intimidate a witness to the kidnapping primarily through phone calls recorded while Jarrett Bruce was incarcerated both on this charge, and an earlier unrelated state charge in New Jersey. Specifically, the primary call that the Government has repeatedly pointed to as evidence of this attempted tampering took place on January 29, 2024, while Jarrett Bruce was incarcerated in Bergen County, New Jersey. *See* Government Motions in Limine, ECF No. 163, at 12–13; Government Opposition to Defendants' Motions in Limine, ECF No. 169, at 7–8; Search Warrant Application for Gregory Bruce's Cell Phone, produced as SDM-GBRUCE-000276.[1]

Thus, it seems that the Government's primary evidence of the Bruce brothers' alleged witness tampering occurred **before** Jarrett Bruce was indicted on the instant kidnapping charge, which cannot support the charge of tampering related to the kidnapping.

2. **Legal Standard**

18 U.S.C. 1512(b) criminalizes, in relevant part:

> Whoever knowingly uses intimidation, threatens, or corruptly persuades another person, or attempts to do so, or engages in misleading conduct toward another person, with intent to—
> (1) influence, delay, or prevent the testimony of any person in an official proceeding;
> (2) cause or induce any person to—
>     (A) withhold testimony, or withhold a record, document, or other object, from an official proceeding;
>     (B) alter, destroy, mutilate, or conceal an object with intent to impair the object's integrity or availability for use in an official proceeding;
>     (C) evade legal process summoning that person to appear as a witness, or to

---

[1] Defense counsel refers to certain materials produced as sensitive discovery materials in this case. With the Court's permission, we will file those materials under seal or provide them separately to Chambers.

>produce a record, document, or other object, in an official proceeding; or
>(D) be absent from an official proceeding to which such person has been summoned by legal process.

No matter which subsection the Government's seeks to prove, the Government must show that the tampering occurred with respect to an "official proceeding." 18 U.S.C. 1512(b). Section 1515 defines "official proceeding" as a proceeding before a federal judge or federal court, the United States Congress, or a federal government agency. 18 U.S.C. 1515.

The Supreme Court, in *Arthur Andersen LLP v. United States*, addressed the required nexus between the alleged tampering and official proceeding under § 1512(b) and held that a defendant cannot be convicted under § 1512(b) if "he does not have in contemplation any particular official proceeding in which [the obstructed information] might be material." 544 U.S. 696 (2005). *Arthur Andresen* does not require that the official proceeding be actually instituted at the time of the alleged tampering, but that it must at least be "foreseen." *Id.* The Supreme Court and the Second Circuit have made clear that to have sufficient *mens rea* for conviction under § 1512(b), a defendant must have a "knowingly corrupt" mindset with regard to the action taken, and the belief that his actions are "likely to affect a particular . . . official proceeding." *United States v. Kaplan*, 490 F.3d 110, 125 (2d Cir. 2007) (citing *Arthur Andersen*, at 708); *see also United States v. Quattrone*, 441 F.3d 153, 176 (2d Cir. 2006) ("The Supreme Court has made clear that the conduct to be punished, then, must not only be made with wrongful intent but also with a 'conscious[ness]' that the conduct in question is wrongful.") (citing *Arthur Andersen*, at 696–97).

A party to a criminal case may raise by pre-trial motion any "defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). While there is no criminal equivalent of the summary judgment procedure, a Court may dismiss a charge before

3

trial for insufficient evidence "if the government makes a full proffer of the evidence it intends to introduce at trial, which the court cannot compel it to do." *United States v. An*, 733 F. Supp. 3d 77, 90 (E.D.N.Y. 2024) (citation omitted). Furthermore, the Court has the power to grant a motion to dismiss under Rule 12(b) if there was no proper evidence from which the Grand Jury could have indicted the defendant. *U.S. v. Wolff*, M.D.Pa.1993, 840 F.Supp. 322 (1993) (Motion to dismiss under Federal Criminal Rule 12(b) can be maintained, based on claim that there was no evidence from which grand jury could have indicted defendant, even though Rule was limited to cases involving defects in indictments or informations, or some other defect in institution of prosecution; issuance of indictment based on grand jury decision made without evidentiary basis was defect in indictment).

3. **Discussion**

As mentioned above, the Government has repeatedly relied upon the January 29, 2024, phone call, and little else, as evidence of the alleged plot to tamper. However, this call cannot be evidence of Gregory Bruce's agreement to tamper with a witness to Jarrett Bruce's *federal case*, because Jarrett **had not yet been indicted** on that case. Furthermore, on this call the brothers reference conversations they had previously regarding Gregory speaking to "little bro" about John Doe 2, so whatever this discussion was about, it began even longer prior to Jarrett's indictment in the instant case. Thus, Gregory could not have had Jarrett's federal criminal case in mind at this time, because it did not yet exist.

The imposition of this case was also not foreseeable to either Bruce brother, especially Gregory. In a recorded call dated February 2, 2024, which is clearly the first time the brothers spoke after Jarrett's transfer to federal custody, Jarrett recounts to Gregory how he was surprised

4

when the officers in Bergen County brought him from his cell the day before, expressing confusion because he did not have a court appearance in New Jersey on that date, and that he did not know what was going on. There is likewise absolutely no evidence that Gregory Bruce had any idea about the kidnapping or that Jarrett could possibly be charged federally. In text messages between Gregory and another on February 2, produced in discovery, Gregory expresses surprise to the news of Jarrett's indictment, indicating that he was just learning about the case for the first time on that date.

While it is possible that Jarrett Bruce knew about Lesly Valentin's indictment on the kidnapping charge, and may have feared his own eventual prosecution, **no evidence has been produced in discovery that shows that the instant "official proceeding" was foreseeable to Jarrett, much less foreseeable to Gregory Bruce**.

The parties agree that Gregory Bruce had contacted "little bro" in an effort to get in touch with John Doe 2. The parties of course disagree about the nature of Gregory Bruce's intention in attempting to make contact. It is abundantly clear from a review of the discovery in this case, however, that whatever that intention was, it had no nexus to the "particular, existing or foreseeable official proceeding" at issue in this case. The Government has failed to provide or proffer evidence that Gregory Bruce formed a corrupt mindset to wrongfully influence the instant criminal case regarding, and investigation into, the kidnapping before January 29, 2024 because he had no knowledge of the kidnapping, or any investigation thereof, and the criminal case against Jarrett did not exist yet. *See Kaplan*, 490 F.3d at 125.

Even if, assuming arguendo, the Bruce brothers were conspiring to obstruct justice with regard to Jarrett Bruce's pending state criminal case, which the Government in this case has

5

accused Gregory Bruce of and which the defense disputes, that would have no bearing in this case. Sections 1512(b) and 1515 make clear that the federal crime of obstructing justice must involve a federal proceeding, and courts have found § 1512(b) cannot be proven where the defendant's communications refer only to state court proceedings. *See United States v. Petruk*, 781 F. 3d 438, 445 (8th Cir. 2015).

### 4. Conclusion

Based on defense counsel's review of the discovery in this case, we believe that insufficient evidence exists implicating Gregory Bruce in the alleged tampering to proceed to trial in this case. Additionally, because the Government clearly and repeatedly relies on the January 29, 2024 phone call for their theory of the case, and that call cannot be evidence of tampering relating to the kidnapping, we think it possible that the evidence presented to the Grand Jury was insufficient for an indictment of Gregory Bruce in the first place. Thus, we respectfully request the Court ask the Government to present a full proffer of the evidence they expect to introduce at trial against Gregory Bruce, and to inspect the Grand Jury minutes in this case. If the Court finds that insufficient evidence exists in either context, the Court should dismiss the indictment against Gregory Bruce.

Respectfully submitted,

_/s/Ethan Van Buren_____
Ethan Van Buren, Esq.
Phillip Hamilton, Esq.
*Attorneys for Gregory Bruce*