

*U.S. Department of Justice*

*United States Attorney
Eastern District of New York*

EDP:ADW/JBD/LM  
F.#2023R00189

*271 Cadman Plaza East
Brooklyn, New York 11201*

June 3, 2025

By ECF

The Honorable Rachel P. Kovner  
United States District Judge  
Eastern District of New York  
225 Cadman Plaza East  
Brooklyn, New York 11201

        Re:    United States v. Gregory Bruce  
                  Criminal Docket No. 23-292 (S4) (RPK)

Dear Judge Kovner:

      The government respectfully writes to oppose the defendant Gregory Bruce's motion to dismiss the indictment, which was joined by his co-defendant Jarrett Bruce. The defendant's motion argues that the indictment should be dismissed, effectively on summary judgment, because the defendant does not see evidence that he and Jarrett Bruce sought to interfere with a federal judicial proceeding (as opposed to a state proceeding). (ECF Doc. No. 182, hereinafter, "Def. Mot.") The defendant's motion seeks relief that the defendant admits the law does not provide for and reflects, at best, a misunderstanding of the factual record. The motion is procedurally improper, meritless and should be denied summarily.

      As the defendant acknowledges, there is no motion for summary judgment under the Federal Rules of Criminal Procedure. (Def. Mot. At 1.) The defendant likewise acknowledges that the Court "cannot compel" the government to "make[] a full proffer of the evidence it intends to introduce at trial." (Def. Mot. at 4.) (quoting United States v. An, 733 F. Supp. 3d 77, 90 (E.D.N.Y. 2024). After all, that is what a trial is for.[1] See An, 733 F. Supp. 3d at 90 ("a criminal defendant generally cannot test the sufficiency of the government's evidence before trial") (citing United States v. Wedd, 993 F.3d 104, 121 (2d. Cir. 2021)). At this stage, the Court does not evaluate the sufficiency of the government's evidence.

---

[1] The defendant is essentially asking for the Court to consider and grant a Rule 29 motion before the trial even happens.

While the defendant argues that the Court could dismiss the indictment if the government had produced no evidence to the grand jury supporting the charged conduct—itself a questionable proposition—nowhere in his motion does he attempt to make the well-established, requisite showing of "particularized proof of irregularities in the grand jury process" that would overcome the "presumption of regularity" for the grand jury and entitle him to a review of the grand jury minutes.  United States v. R. Enters., Inc. 498 U.S. 292, 301 (1991).  The Court may—and should—deny the defendant's motion on the above grounds alone.

In any event, the defendant's motion is wrong on the merits.  Though the government declines the defendant's request to provide a "full proffer" of the evidence it intends to adduce at trial, we do note the following:  First, it was a matter of public record that co-defendant Lesly Valentin had already been indicted in this district when the attempted obstructive conduct began.  Second, and as reflected in the government's discovery productions, it was widely known among defendant Jarrett Bruce's circle of friends that John Doe 2 had spoken to the FBI and testified before the grand jury—itself a "federal proceeding"—in connection with the investigation into the kidnapping of John Doe 1.  Third, in his post-arrest statement to the FBI, Jarrett Bruce admitted that he knew John Doe 2 had "incriminated" him in the kidnapping of John Doe 1.  And fourth, the obstructive conduct continued until at least February 5, 2024—after Jarrett Bruce had been indicted and arrested in connection with this case.  This evidence is more than sufficient to demonstrate that both Bruce brothers' obstructive conduct was intended to interfere with a "reasonably foreseeable" federal grand jury investigation or other federal proceeding, which is what Section 1512 requires.  See United States v. Pugh, 937 F.3d 108, 120 (2d Cir.2019).

***

For the foregoing reasons, the defendant's motion should be denied.

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney

By:        /s/
Andrew D. Wang
Joshua B. Dugan
Lorena Michelen
Assistant U.S. Attorneys
(718) 254-7000

cc:  Clerk of Court (RPK) (by ECF)
    Defense counsel of record (by ECF)