EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------X

UNITED STATES OF AMERICA    :

                     :

       -against-        :

                     :

LESLY VALENTIN, et al.,   :

                     :

      Defendants.      :

-----------------------------------------------------X

No. 23-cr-292 (RPK)

**REPLY TO GOVERNMENT'S OPPOSITION TO MOTION TO COMPEL DISCOVERY AND SHOW CAUSE**

Comes Now Defendant Lesly Valentin through undersigned Counsel pro se, and respectfully submits this reply in response to the Governments opposition to Defendants previously filed Motion to Compel Discovery and to Show Cause (Document 208). The government has failed to substantively address the core inquiries raised regarding the existence, nature, and legal implications of financial instruments potentially linked to this matter, specifically Treasury EE Bonds and associated civil financial forms.

The Government's failure to respond constitutes a denial of Due Process and Fraud Upon The Court.

I.     Failure to Address Material Discovery Questions

The Government has wholly failed to explain or disclose whether any Treasury-issued financial instrument, including EE Savings Bonds, are administratively associated with this criminal case. Defendant specifically referenced a publicly accessible form on Treasury Direct. gov which when populated with relevant case data including the Series (EE Bonds), denomination (10,000), and issue date (7/2023, the date of arrest) returned a valuation of $5,212, with $212 in interest at a 2.50% rate.

This result clearly suggest that a financial instrument exist/linked to this proceeding. Such a result cannot be dismissed as a coincidence, nor is it speculative.

The Government's silence in response to these facts along with the failure to disclose any JS-44 Civil Cover Sheets or administrative filings that may confirm a dual-track (civil/criminal) characterization constitutes a breach of its duty to produce material evidence under Fed. R. Crim. P. 16(a)(1)(E) and Brady v. Maryland, 373 U.S. 83 (1963)

II.     Introductory Argument: Discovery of Bonding Activity and Government Non-Disclosure

After conducting thorough research, Defendant has uncovered evidence indicating that the United States District Courts for the Eastern District of New York has engaged in improper conduct involving the concealment of government securities specifically, the silent issuance and filing of a U.S. EE Savings Bond associated with Defendant's Criminal Case, Case No. 23-CR-292. This process appears to be a Covert administrative or financial mechanism used to collateralize the proceeding and its existence is affirmatively demonstrated by returns from the U.S. Treasury's own Public tool at TreasuryDirect.gov.

Upon inquiry using that platform, the system returned a valid savings bond valuation directly linked to this case, despite the government's express denial that any such instrument exists. Such contradiction suggests an intent to mislead the Court and the defendant, and Constitutes Fraud Upon The Court, as described in Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (194).

This EE Bond is not a speculative concept, it is a regulated financial instrument governed by well-established statutory and regulatory Frameworks:

2

- 31 C.F.R. Part 315; Regulations governing U.S. Savings Bonds Series (AK), issued under authority of 31 USC § 3105 and 5 USC § 301,

- 31 CFR Part 353: Governs definitive (paper) U.S. Savings Bonds, Including EE and HH series which must be administered by the Bureau of Fiscal Service and transacted through designated Federal Reserve Banks.

- 17 CFR 240.106-5: Prohibits fraud in connection with the purchase or sale of securities, including misleading commissions or concealment of material information.

- 15c2-12: Requires underwriter disclosure obligations for municipal securities

- Municipal Securities Rulemaking Board (MSRB): Governs the ethical conduct of municipal securities professionals.

- 31 CFR Part 249 § 17 C.F.R. Part 240: Governs the disclosure and registration forms required under the Securities Exchange Act of (1934), which empowers the Securities and Exchange Commission (SEC) to regulate trading and issuance of government backed instruments.

- Investment Company Act of 1940 & Dodd-Frank Act: Provide further authority for mutual fund regulation and broader financial system oversight, including mechanisms that may apply to Public Trust Instruments.

Moreover, U.S. law provides that such bond instruments are not required to be registered under the 1933 Securities Act, § 3(a)(2), due to their government-issued status, but they remain fully subject to anti-fraud provisions under both the 1933 and 1934 Acts. Failure to disclose such instruments, particularly when they are issued in the name of a criminal defendant and correlated with a docket number, raises substantial questions of Due Process, Unlawful Enrichment, and potential concealment of public debt instruments.

"Every judicial proceeding may involve insurance-based risk assessments that are indemnified through surety or bonding, especially where the government stands to gain from a defendant's *pre-trial or post-conviction financial status*." See Walters Kluwer, Law of Debtors and Creditors, p. 14.

The procedural and Jurisdictional bases for such bonding activities are likewise supported by:

- Title 28 USC Jurisdiction and Venue provisions of the Federal Courts

- Title 18 USC §§ 152 157: Criminal penalties for bankruptcy fraud and concealment of estates assets, including fraudulent use bond-related financial instruments in a Judicial context.

- IRC §§ 103, 141, 148: Tax treatment and arbitrage restrictions for bond-based instruments under the Internal Revenue Code.

The cumulative weight of these authorities show that the process of bonding legal matters, particularly where risk is pooled or collateralized via EE or other Savings bonds, is not a fringe theory it is a regulated and codified practice embedded in federal fiscal and securities law.

**Statement of Facts**

(1) Upon extensive legal and financial investigation, Movant discovered that a EE Savings bond bearing case identifying information has been filed on TreasuryDirect.gov, indicating that this case has been monetized as a security and attached to the Court Registry Investment System (C.R.I.S.).

4

(2) The government has refused to acknowledge this attachment, either through denial or evasion. No registration statements, disclosure of the bond instrument, nor proper Judicial review has been provided to the movant.

(3) This Bond is not an anomaly. It is part of a standardized practice of converting criminal and civil matters into securitized obligations with public debt numbers assigned and pooled into federal securities accounts through (C.R.I.S.) and The Bureau of Fiscal Service, generating investment revenue.

(4) The existence of these instruments has a direct bearing on Movant's liberty equity, and Due Process Rights, yet the Government and the Court have acted in concealment and bad faith.

(A)     The Government has engaged in Fraudulent Concealment

As stated in Hazel-Atlas Glass Co. v Hartford Empire Co, 322 U.S. 238 (1944), fraud upon the court is any conduct that corrupts the Judicial process, including deception by officers of the court.

The concealment of the EE Bond in this matter, combined with a refusal to disclose CRIS deposits and fiduciary assignments, constitute a willful and material misrepresentation.

Furthermore, in United States v Throckmorton, 98 US. 61 (1878), the court held that extrinsic fraud that prevents a party from fully presenting its case justifies equitable relief. Movant was denied the ability to challenge or question the financial instrument attached to his identity and liberty.

(B) Court cases are Routinely Monetized through (C.R.I.S.)

According to Local Rule 67-1 and supporting administrative policy from the Administrative Office of the U.S. Courts, the Court Registry Investment System (C.R.I.S.) Is authorized investment mechanism by which courts deposit interpleader and other case-related funds. These are then pooled into government securities and generate interest. See 28 U.S.C. § 2041 2042; C.R.I.S. guidelines (Matthew Bender, 2024 ed.) confirm deposits are taxed, monitored, and redistributed.

Documents and produced evidence show that funds are assigned to the director of the Administrative Office as custodian for C.R.I.S., and these assets are pooled and converted into Government Account Series securities by the Bureau of Fiscal Service.

The Supreme Courts have held that "[t]he government may not use its own wrong doing as a shield against liability." See Brady v. Maryland 373 US. 83 (1963) (failure to disclose material evidence).

(C) EE Bonds and Securities Law Violations

The EE savings Bonds uncovered on TreasuryDirect.gov is governed by 31 C.F. R. Part 351. It is a non- marketable security issued by the U.S. Treasury, and the issuance of such bonds implicates Federal Fiduciary and commercial duties.

According to 17 C.F.R. § 230.405 a security may not be offered or sold until a registration statement has become effective.

No offer to buy the securities can be accepted and no part of the purchaser price can be received until the registration statement has become effective.

6

Yet no registration statement or disclosure has been provided to the Movant regarding the EE Bond. This is a direct violation of the Securities Act of 1933, Section 10 and Rule 405, as well as 15 USC § 77e.

(D) The Role of The Cusip and Misappropriation of Identity

The Committee on Uniform Securities Identification Procedures (CUSIP) assigns unique numbers to financial Instruments. The inclusion of CUSIP numbers in court-bonded financial Instruments transforms the legal matter into a tradable asset, subject to the financial regulation and fiduciary duties.

"Quad Constat curia opere testium non indiget" (That which appears to the Court Needs Not The AID of witnesses).

Movant has submitted physical evidence that a CUSIP identifier and EE Bond have been attached to this matter, supporting the assertion that the Court has created a derivative instrument for Financial purposes.

(E) The Fraudulent Scheme Violates Constitutional and Commercial Rights

This process converts a criminal prosecution into a financial transactions in which the Movant is the involuntary debtor and the Court and Treasury become the creditor beneficiary.

This violates the 5th Amendments due process and takings Clause Breaches fiduciary duties owed under 15 USC § 779 (securities fraud) and gives rise to an actionable claim under 42 USC § 1983 for deprivation of Constitutional Rights under Color of Law.

7

"Quod alias bonum et justum est, si per vim vel fraudem Detatur, malum et injustum efficitur" (What is otherwise good and just becomes bad and unjust if it be sought by force or fraud.)

(F) Dismissal is the only Remedy

The concealment of the Bond, the failure to provide registration or Judicial oversight, and the use of Movants case as a security instrument constitute a foundational corruption of the proceedings.

The U.S. Supreme Courts has long recognized that due process is denied when proceedings are fundamentally unfair. See Mapp v Ohio, 367 U.S. 643 (1961), Caperton v A.T. Massey Coal Co., 556 U.S. 868 (2009).

Therefore this matter must be Dismissed with Prejudice. Alternatively, a full evidentiary hearing and discovery must be ordered.

"Quod est inconveniens aut contra rationem non permitfitur in lege." (That which is inconvenient or against reason is not permitted by law).

Respectfully Submitted,

Lesly Valent

Garrett Bruce

Jarrell Bruce

Aasim Boone

Aaron Boone

EASTERN DISTRICT OF NEW YORK

----------------------------------------------------X

UNITED STATES OF AMERICA

            -against-

LESLY VALENTIN, et al.,

                Defendants.

----------------------------------------------------X

No. 23-cr-292 (RPK)

**MOTION TO SHOW CAUSE
AND DISMISS FOR FRAUD
UPON THE COURT
(18 U.S.C. § 1321 & 18 U.S.C. § 1001)**

Movant Lesly Valentin respectfully moves this Court to show cause why this case should not be dismissed in its entirety on the basis of fraud upon the Court. This motion is supported by incontrovertible documentary evidence, legal authority and statutory references that demonstrate the United States Government and its courts have actively concealed material facts regarding the securitization, monetization, and bonding of this criminal proceeding.

The conduct of the Government, including the Eastern District of New York and the Administrative Office of the United States Courts, constitutes fraudulent conveyance and bad faith and a deliberate circumvention of lawful Judicial process. These acts implicate the Court Registry Investment System (CRIS), Treasury Direct EE Bonds, and secretive financial dealings backed by securities law, rendering any judgement issued in this case void for want of Due Process and Transparency.

Statement of The Argument:

1) Evidence of Bonded Instruments and EE Bonds linked to this Criminal Case.

After in-depth research & investigation, Movant has discovered that The United States District Court has issued an EE Bond tied to this case (23-CR-292) with the U.S. Treasury via TreasuryDirect.gov. This instrument represents a financial attachment. Despite multiple

inquiries, Government has failed to disclose the purpose and nature of this bond. Such non-disclosure Constitutes Fraud Upon The Court.

Federal Law requires transparency when financial instruments are issued in conjunction with a case, especially where the same instrument result in profit or debt assumption in the name of the accused.

Legal Authority:

- Securities Act of 1933 (15 USC § 77a et seq.) requires full disclosure in public Securities offerings

- Securities Exchange Act of 1934 (15 USC § 78, et seq.) provides oversight for the entire securities market and anti fraud provisions (eg SEC Rule 10b-5)

- Trust Indenture Act 1939

- Investment Company Act 1940

- Dodd-Frank Act (2016) requires disclosures and accountability in bond markets

2) CRIS and Government Monetization of Court Cases

As further detailed in Local Rule 67-1, and as documented in attached Local Federal Court Rules and CRIS Operating procedures, every court case is treated as a financial security and deposited in the Court Registry Investment System (CRIS).

These funds are pooled by the director of The Administrative office of the US Courts and used to purchase Government Account Series Securities via the Bureau of Public Debt.

18 USC §§ 472, 473, 474 Creating counterfeit obligations, including unauthorized duplication of government instruments Local Rule 67-1 Governs how CRIS funds are invested and managed, and mandates the collection from pooled interest for each participating case.

10

3) Judicial Conflict of Interest, Bond Attachment, and Secret Commercial Process.

The Judiciary cannot serve simultaneously as a neutral party and a commercial beneficiary. Judicial Canons are violated when Judges act in roles that benefit from the financial mechanisms derived from a defendant's prosecution. The existence of EE Bonds and CRIS entries linked to this case is incompatible with constitutional protections of Due Process.

"Quod factum est, sum in obscuro sit, ex affectione cujusque Capit interpretationem" (When the act is obscure, it must be interpreted by the intent of the actor.)

4) The fraudulent Denial of EE Bonds existence in Governments Reply

The Governments reply, which denied the validity of these bonds, offered no legal rebuttal grounded in statutory authority, no denial under oath, and no Treasury investigation. Their assertion lacked merit and is refuted by direct screen shots, Treasury Direct entries, and Local Rule 67-1 regarding CRIS investment and bond pooling.

This constitutes an act of fraud upon the court per Hazel-Atlas Glass Co. v Hartford-Empire Co. 322 U.S. 238 (1944) and United States v. Throckmorton, 98 U.S. 61 (1878).

5) The involuntary Contract and the Clearfield Doctrine

This proceeding is based upon an invisible contract, as reflected in monetized instruments and CRIS activity. The defendant has never knowingly entered into any such commercial agreement. The Clearfield Doctrine holds that when the United States enters into the market place, it relinquishes its sovereign status and is subject to commercial law.

The United States District Courts are scrutinizing and monetizing every court matter especially criminal matters. Moreover, in order to do so, the United States Corporation has incorporated all citizens as separate corporations through an unconscionable contract.

If such a contract exist, it must be disclosed. Movants rescind all presumed signatures, authorizations or agreements attaching any and all of the movants to the alleged contracts.

Under Nisi Prius principals, a matter presumed resolved or bound by contract cannot without production of the contract and demonstration of competent Jurisdiction.

Nisi Prius: A common law term meaning a trial court decision made in the first instance, subject to review. In this context it refers to commercial courts functioning under presumed contractual Jurisdiction absent "valid consent."

- Clearfield Trust Co v United States 318 U.S. 363 (1943). When the United States enters into commercial business, it abandons its Sovereign Status.
- The Holy Quran
- The Holy Quran Surah Al-Baqarah 282, establishes the requirement to document financial obligations in writing with witnesses supporting the foundational principle of accountability in all monetary dealings
- O you who have believed when you contract a debt for a specified term; write it down And bring to witness two witnesses from among your men (Al-Baqarah 2:282)
- Surah (Al-Baqarah 2:284) To Allah belongs whatever is in the earth weather you show what is within yourselves or conceal it, Allah will bring you to account for it.
- These verses provide Divine Authority that further condemns hidden commercial schemes conducted without informed consent.

Prayer For Relief: Wherefore Movant respectfully prays this Honorable Court

1) Dismiss the Indictment in its entirety for Fraud Upon the Courts & violation of Due Process

2) Order production of all commercial instruments, including Bonds, CUSIPs, CRIS accounts, Treasury instruments, and insurance contracts linked to this case No. 23-cr-292

3) Order a hearing, under oath requiring testimony from the U.S. attorney's office, Court administrators, and the Treasury Dept. as to the existence, value, and terms of all Bonds and pooled CRIS Investments; and

4) Issue sanctions or other relief for bad-faith concealment, and reserve Defendants right to pursue Civil Action against all parties for unlawful conversion, unjust enrichment, and fraudulent concealment.

Respectfully Submitted,

Lesly Valente

Jarrell Bruce

Aasim Boone

Aaron Bacon

13

## Table of Authorities

Cases

Hazel- Atlas Glass Co. v. Hartford- Empire Co. 322 U.S. 238 (194)

United States v Throckmorton, 98 U.S. 61 (1878)

Clearfield Trust Co. v United States 318 U.S. 363 (1963)

Locke v Alexander, 412 S.E. 2d 412, 415 (Tenn- Ct. App. 1992)

Patterson v Hemy, 27 Ky. 126, 127 (1830)

Statutes

Securities Act of 1933 (15 USC § 77a et seg.)

Securities Exchange Act of 1934 (15 USC § 78a et seq)

Trust Indenture Act of 1939

Investment Company Act 1940 07

Dodd-Frank Act (2010)

18 USC §§ 472, 473, 474

28 USC § 1335

Rules and Doctrines

Local Rule 67-1 (Court Registry Investment System)

Clearfield Doctrine

Nisi Prius

Maxims of Law (Latin Principals)

Religious Authority

Holy Quran, Surah Al-Baqarah 2:282, 2:284